# MAY 1, 1940

## A. B. ANDERSON V. THE STATE.

No. 21005. Delivered May 1, 1940.

The opinion states the case.

*Russell & Edwards* and *Vernis Fulmer,* all of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for four years.

It is charged in the indictment, in substance, that appellant, with malice aforethought, killed George Pleasant by shooting him with a pistol.

It was the theory of the State, given support in the evidence, that appellant sought deceased and killed him without provocation. Appellant testified deceased had alienated his wife's affections. It was his version that on the occasion of the homicide deceased and Sid Chapman attacked him; that believing that his life was in danger, he killed deceased.

It is seen from the foregoing brief statement of the evidence that a sharp issue was presented as to who began the difficulty. In his motion for new trial, appellant alleged newly discovered evidence, and attached the affidavit of a witness who would have testified, if he had been present at the trial, that deceased stated to him, in effect, that he had gotten into some trouble about a woman out at Center Point and that it "looked like he would have to kill a negro preacher to keep her." Further, the witness stated in his affidavit that he would testify that deceased stated to him at the time that he had "done gone too far now to back up, because this negro is done expecting me to do something to him * * *." It does not appear that the failure of appellant to discover the testimony prior to his trial is due to any lack of diligence on the part of himself or his attorney. We think the motion for new trial should have been granted. We quote from Branch's Ann.

Texas P. C., Section 2092, as follows: "Where it was a vital question as to who began the difficulty or who was most likely the agressor, a new trial should be granted for newly discovered evidence of uncommunicated threats." In support of the text several authorities are cited, among them being Pate v. State, 113 S. W. 759.

Appellant brings forward two bills of exception in which he complains of the action of the trial court in permitting the State to introduce in evidence the hats of the deceased and Sid Chapman. These hats had bullet holes in them. It is certified in the bills of exception that the introduction of such hats tended to solve no issue in the case. Without predicating a reversal upon these bills of exception, it is suggested that upon another trial the hats should not be received in evidence unless they tend to solve some issue in the case.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.